UNITED STATES of America

v.

**PLITT SOUTHERN THEATERS, INC.,
and Essantee Theaters, Inc.,
Defendants.**

No. C–CR–86–121.

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 17, 1987.

Charles R. Brewer, U.S. Atty., John F. Greaney, U.S. Dept. of Justice, for U.S.

Nelson M. Casstevens, Charlotte, N.C., Barbara A. Reeves, Morrison & Foerster, Los Angeles, Cal., for Essantee Theaters.

Harold J. Bender, Charlotte, N.C., Robert C. Stephens, Horack, Talley, Pharr & Lowndes, P.C., Charlotte, N.C., for Plitt Southern Theaters.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER came on for hearing before the undersigned at 9:30 a.m. on Wednesday, July 15, 1987 in Charlotte, North Carolina. At the hearing Defendant Plitt Southern Theaters, Inc. ("Plitt") was represented by Nelson M. Casstevens, Barbara A. Reeves, and Teresa L. Conrad; Defendant Essantee Theaters, Inc. ("Essantee") was represented by Harold J. Bender and Robert C. Stevens, and the Government was represented by John F. Greaney, Ann L. Harding, and Matthew R. Jacobs. The following matters came before the Court at the hearing:

(1) Defendants' Objections to the Memorandum and Recommendation of the Magistrate.

(2) Government's Motion for Pretrial Conference and Order.

(3) Government's Motion for the Court to Conduct Voir Dire.

(4) Defendant Essantee's Motion to Produce *Brady* Material.

(5) Government's Motion *In Limine* to Exclude Irrelevant Evidence.

(6) Defendant Plitt's Motion to Compel the United States Department of Justice to Authorize a Former Department of Justice Employee to Give Testimony Relevant to this Case.

(7) Defendant Plitt's Motion *In Limine* to Prohibit Government's Questioning of Employees of Co-Conspirators about Guilty Pleas of their Employers.

**DEFENDANTS' OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION**

In the Memorandum and Recommendation, filed July 10, 1987, Magistrate DeLaney recommended that Defendants' Motions to Dismiss the Indictment be denied. At the hearing Defendants offered no new argument but relied on the briefs and arguments before the Magistrate and on the briefs filed July 14, 1987, setting forth their objections to the Memorandum and Recommendation.

After having carefully reviewed the papers presented by the parties, the Court adopts the Memorandum and Recommendation of the Magistrate to deny Defendants' Motions to Dismiss the Indictment.

## GOVERNMENT'S MOTION FOR PRE-TRIAL CONFERENCE AND ORDER

The Government's Motion listed nine separate matters each of which was discussed at the hearing. A brief summary follows:

(1) *Admissibility and use of summary exhibits at trial pursuant to Fed.R. Evid. 1006.* A custodian of the underlying records shall be called for each summary exhibit to be used at trial. If the underlying records are admitted, and the summary exhibit fairly and accurately reflects the underlying records, the summary exhibit may be used.

(2) *Introduction of voluminous business records en masse at trial pursuant to Fed.R.Evid. 104(a) and 611(a).* Summary exhibits may be used in lieu of the voluminous underlying business records as outlined above.

(3) *Use and placement of demonstrative exhibits and visual aids at trial pursuant to Fed.R.Evid. 611(a).* Sufficient space will be left open to allow the Government to use its large easel.

(4) *Methods of publication of documentary evidence to the jury.* Each juror may use a notebook provided by the Government but which may also be used by the Defendants. The notebook will be used to hold exhibits that each party wishes to publish to the jury. The notebooks will be kept on the floor when a particular exhibit is not being referred to by a witness or lawyer.

(5) *Manner of granting use immunity to prosecution witnesses pursuant to 18 U.S.C. §§ 6001–6003.* The Government shall determine as soon as possible which witnesses it wishes to grant immunity to and communicate this information to the Defendants.

(6) *Number and manner of exercising peremptory challenges pursuant to Fed.R.Crim.P. 24(b).* The Government will have six (6) peremptory challenges. Once the Government is satisfied with the twelve (12) jurors, Defendants will be allowed to exercise their ten (10) peremptory challenges. The ten (10) peremptory challenges for Defendants are jointly shared, and Defendants should decide together in what matter to use the challenges. The Government may then use any remaining challenges only on the new jurors seated by Defendants. Defendants may then use their remaining challenges only on the new jurors just seated by the Government. This process continues until the parties are satisfied with a jury or until the peremptory challenges have been used up, whichever occurs first. Two (2) alternate jurors will be seated in the same manner. The Government may use one (1) peremptory challenge. Defendants share one (1) peremptory challenge in selecting the alternate jurors.

(7) *Duration of opening statements.* Each party shall have a maximum of forty-five (45) minutes.

(8) *Stipulation, or pretrial notice of objection, concerning admissibility of proposed trial exhibits on authenticity or hearsay grounds.* No stipulations entered.

(9) *Stipulation concerning the interstate commerce element of the offense alleged in the Indictment.* Defendant Plitt stipulates to this element of the offense alleged in the Indictment. Defendant Essantee does not enter such a stipulation.

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE

Both the Government and Defendants agree that the intent element for a criminal antitrust conspiracy under the Sherman Act is defined by the Supreme Court in *United States v. United States Gypsum Co.,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). The Supreme Court held that "action undertaken with knowledge of its probable consequences and having the req-

uisite anticompetitive effects can be a sufficient predicate for a finding of criminal liability under the antitrust laws." *Gypsum*, 438 U.S. at 444, 98 S.Ct. at 2877. The Supreme Court further elaborated on the intent element by explaining that it was not necessary that defendants knew their acts were illegal.

> A requirement of proof not only of this knowledge of likely effects, but also of a conscious desire to bring them to fruition or to violate the law would seem, particularly in such a context, both unnecessarily cumulative and unduly burdensome. Where carefully planned and calculated conduct is being scrutinized in the context of a criminal prosecution, the perpetrator's knowledge of the anticipated consequences is a sufficient predicate for a finding of criminal intent.

*Gypsum*, 438 U.S. at 466, 98 S.Ct. at 2888.

The Court, therefore, holds in this case that evidence that Defendants did not know that engaging in split agreements was unlawful is irrelevant to the criminal intent that is an element of the offense alleged to have been committed by Defendants.

## DEFENDANT PLITT'S MOTION TO COMPEL THE UNITED STATES DEPARTMENT OF JUSTICE TO AUTHORIZE A FORMER DEPARTMENT OF JUSTICE EMPLOYEE TO GIVE TESTIMONY RELEVANT TO THIS CASE

The Department of Justice has voluntarily authorized Maurice Silverman to testify in this case; therefore, Defendant Plitt's Motion is now moot. Although Mr. Silverman may testify, his testimony will only be accepted by the Court if such testimony can be shown to be relevant.

## DEFENDANT PLITT'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT'S QUESTIONING OF EMPLOYEES OF CO–CONSPIRATORS ABOUT GUILTY PLEAS OF THEIR EMPLOYERS

It would be improper for the Government to elicit testimony from employees of co-conspirators in this case about the guilty pleas of their employers. The Court is of the opinion that the probative value of this testimony is substantially outweighed by the danger of unfair prejudice; consequently, the Government shall refrain from questioning employees of co-conspirators about the guilty pleas of their employers unless Defendants bring up the matter first.

NOW, THEREFORE, IT IS ORDERED:

(1) The Court adopts the Memorandum and Recommendation of the Magistrate to deny Defendants' Motions to Dismiss the Indictment.

(2) The housekeeping matters discussed in the pretrial conference are briefly summarized above under the heading "GOVERNMENT'S MOTION FOR PRETRIAL CONFERENCE AND ORDER."

(3) Government's Motion for Court to Conduct Voir Dire is GRANTED.

(4) Defendant Essantee's Motion to Produce *Brady* Material is GRANTED in part as explained above.

(5) Government's Motion *In Limine* to Exclude Irrelevant Evidence is GRANTED.

(6) Defendant Plitt's Motion to Compel the United States Department of Justice to Authorize a Former Department of Justice Employee to Give Testimony Relevant to this Case is MOOT.

(7) Defendant Plitt's Motion *In Limine* to Prohibit Government's Questioning of Employees of Co–Conspirators about Guilty Pleas of their Employers is GRANTED.

The Clerk is directed to certify copies of this Order to defense counsel and the United States Attorney.